```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
HMT, INC.,

                    Plaintiff,
                                              06-CV-6193T

           v.                                 DECISION
                                              and ORDER

BELL BCI COMPANY and DOES
1 through 50

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff, HMT, Inc. ("Plaintiff" and/or "HMT") filed this action on March 17, 2006 against defendants Bell BCI Company ("Bell") and Does 1 through 50 (collectively "defendants") in New York Supreme Court, Monroe County for breach of contract relating to a construction project for which HMT was a subcontractor of Bell. The action was removed to this Court on April 12, 2006 based upon diversity jurisdiction. Thereafter, on June 7, 2006, HMT filed an Amended Complaint.

Bell moves to stay any further proceedings in this action until the resolution of related litigation currently pending against Bell in the United States District Court for the District of Maryland,[1] which Bell claims will play a significant role in determining the full scope of the issues that may exist between the parties in this law suit. Plaintiff opposes the motion for a stay on the grounds

---

[1] The case is entitled United States of America for the use and benefit of Abhe & Svoboda, Inc. v. Bell BCI Co., et al., (the "ASI Litigation").

1

that the identity of the parties in the two actions are not identical, the issues in the ASI litigation will not determine the issues in the present action, a stay would not promote judicial efficiency and would be prejudicial to HMT.

For the reasons set forth below, Bell's motion for a stay pending resolution of the ASI litigation is granted.

## BACKGROUND

Bell is the general contractor pursuant to a written contract with the Department of the Navy for the construction of certain jet fuel storage tanks at the Naval Air Station in Patuxent River, Maryland (the "Project"). On or about August 20, 2001, HMT entered into a subcontract agreement with BELL wherein HMT would construct two jet fuel storage tanks on the Project. According to HMT, aside from completing the required construction of the two fuel storage tanks pursuant to the subcontract with Bell, it has also performed certain extra work on the Project at the direction of Bell. Abhe & Svoboda, Inc. ("ASI"), another subcontractor of Bell on the project, performed work including painting of jet fuel storage tanks.

On or about February 18, 2005, ASI filed a lawsuit against Bell in the U.S. District Court in Maryland alleging breach of contract and other causes of action against Bell. As part of its cause of action for breach of contract, ASI alleges that Bell failed to coordinate ASI's work with other subcontractors, including but not limited to HMT. In addition, ASI alleges, among other things that HMT's work on the Project relating to the welds, which necessarily

2

preceded ASI's painting work, was faulty and not in compliance with applicable specifications. ASI is seeking over $1 million in damages from Bell for work performed under its subcontract.

Bell asserts that the ASI litigation is in its final stages. The discovery cut off period has been closed since July 31, 2006, and dispositive motions were required to be filed by September 25, 2006. Bell further argues that the resolution of the ASI litigation will play a significant role in determining issues between Bell and HMT in this litigation. HMT, however, claims that it was not made a party to the ASI litigation by Bell, nor has HMT been called upon as a third-party witness to appear at a deposition nor have documents concerning the Project been subpoenaed from HMT. In addition, HMT argues that a scheduling conference for the trial in the ASI litigation cannot be held until dispositive motions have been filed and heard. Moreover, a trial date has not yet been set. Accordingly, HMT argues that a stay should not be granted since the issues in the ASI litigation are not sufficiently related to the issues in this action and HMT is not a participant in the ASI litigation.

## **DISCUSSION**

This court has the inherent power to stay any further proceedings in the instant civil action in favor of the ASI litigation. See Landis v. North American Co., 299 U.S. 248 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and

for litigants."); see also LaSala v. Needham & Co., Inc., 399 F. Supp.2d 421, 427 (S.D.N.Y. 2005). Whether the court should do so is based on several factors including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed;  (2) the private interests of and burden on the defendants;  (3) the interests of the courts;  (4) the interests of persons not parties to the civil litigation;  and (5) the public interest. See Kappel v. Comfort, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996). In balancing these factors on a case-by-case basis, the central focus is to avoid prejudice. See LaSala, 399 F.Supp.2d at 427.

I find that after consideration of all of the relevant factors and circumstances presented in this case a stay is warranted. First, HMT will not be prejudiced by a stay of this action. This case has been pending in this district only since April 2006. Unlike the ASI litigation, the parties here have not engaged in any substantial discovery, nor any dispositive motions. Indeed, a Rule 16 conference has yet to take place. In addition, expert reports have not been exchanged and no discovery deadlines have been set. Unlike the ASI litigation where substantial amounts of time and expense have been invested in preparation by the parties and the Court to the extent that the case is nearly ready for trial, this case is in its very early stages of preparation.

With regard to the second factor, if litigation in this Court were to proceed, the burden on Bell will be significant since Bell will be forced to undergo unnecessary piecemeal litigation of

similar issues, which could lead to inconsistent results. Further, as to the remaining factors, Bell argues that judicial economy and the public interest will be served by granting the stay since the issues surrounding this action may be significantly narrowed as a result of the conclusion of the ASI litigation. Accordingly, Bell claims that both parties may not require the judicial resources of this Court to the same extent they would if this case continues prior to the completion of the ASI litigation.

In opposition to the motion, HMT argues that the present action involves HMT's claims against Bell that arise out of extra work performed by HMT regarding the grinding of welds at the Project. Meanwhile, HMT asserts that the ASI litigation involves a dispute between ASI and Bell under a subcontract agreement between them.[2] Consequently, HMT claims that the issues in the matter between ASI and Bell are unrelated to and do not impact the issues in the present case. However, if AIS prevails on its claim that HMT's defective welds caused AIS to sustain damages, Bell is entitled to assert those damages against HMT pursuant to the indemnification provision contained in the Bell/HMT subcontract. HMT's implication that its claims in this action are limited to payment of alleged extra work associated with certain government requirements is problematic. In the event that ASI obtains a judgment against Bell

---

[2] While HMT concedes that the ASI litigation arises out of the same Project at issue before this Court, HMT disputes that the outcome of the ASI litigation has any bearing on the issues in this case. HMT states that there are two allegations in the ASI litigation that refer to HMT. The first allegation is that Bell failed to properly schedule ASI with other subcontractors including HMT. The second allegation refers to ASI's inability to timely complete work based on defective/faulty welds.

in the ASI litigation relating to HMT's welding work, such a determination will have an impact on certain issues raised in this proceeding including the amount due and owing to HMT. Moreover, a court may, in it's discretion, "in the interest of judicial economy, enter a stay pending the outcome of proceedings, which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." See LaSala, 399 F.Supp.2d at 427.

I find that the issues in both actions are sufficiently similar to favor a stay. In light of the similarity of issues, resolution of the ASI litigation will more than likely narrow the issues before this Court and ultimately save the parties and the Court from a needless or duplicative expenditure of resources. Moreover, because the discovery period in the ASI litigation is now closed, the deadline for filing dispositive motions has passed and any remaining issues will be addressed at trial. Any delay in moving forward in the present litigation will be of a relatively short duration.

HMT also argues that the identity of the parties in the two actions are not identical and as such a stay is improper. There is no question that the parties in the ASI litigation are not identical to the parties in the instant action, nonetheless, that fact alone does not compel the conclusion that a stay is inappropriate. See Dragon Capital Partners, L.P. v. Merrill Lynch Capital Serv. Inc., 949 F. Supp. 1123, 1127 (S.D.N.Y. 1997) (courts repeatedly rule that "parties and issues need not be identical in order for one action

to be stayed in deference to an earlier action"), citing, Caspian Inv. Ltd. v. Vicom Holdings, Ltd., 770 F. Supp. 880 (S.D.N.Y. 1991).

## **CONCLUSION**

For all of the foregoing reasons, I hereby grant a stay of further proceedings in the instant action pending the resolution of the ASI litigation.

ALL OF THE ABOVE IS SO ORDERED.

                                             s/Michael A. Telesca
                                                      MICHAEL A. TELESCA
                                       United States District Judge

DATED:   Rochester, New York
             January 30, 2007